# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| CORDARO HUGHES, ) | |
| NO. 416857 ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 1:17-cv-0009 |
| ) | Judge Crenshaw |
| TONY PARKER, et al. ) | Magistrate Judge Frensley |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Now pending before the court is Defendant's Motion to Dismiss (Docket No. 33) and supporting memorandum of law (Docket No. 34) to which the Plaintiff has filed a response in opposition (Docket No. 36). For the reasons stated herein, the undersigned recommends that the Defendant's Motion to Dismiss be GRANTED.

## BACKGROUND

Plaintiff, Cordaro Hughes, is an inmate in the custody of the Tennessee Department of Correction who brought this action pro se under 42 U. S. C. § 1983. Following the Court's initial review pursuant to the Prison Litigation Reform Act ("PLRA"), Plaintiff was allowed to proceed on his claim under § 1983 against Jeffery Butler for race based discrimination under the Fourteenth Amendment's equal protection clause.

The Defendant, Mr. Butler, is the Assistant Warden at the Turney Center Industrial Complex ("TCIX"), the institution where Mr. Hughes was housed during all times relevant to this action. The complaint alleges that while at TCIX, Plaintiff was placed in segregation for allegedly participating in gang activities, possessing a deadly weapon, and assaulting another inmate. After being found guilty in a disciplinary hearing, Plaintiff lost good time sentence

credits. Docket No. 1, p. 5. Mr. Hughes contends that he was denied a fair hearing by the TCIX administration and disciplinary board. He further alleges that he was racially profiled and the victim of discrimination as African American. *Id.* Specifically, the complaint alleges that Assistant Warden Jeff Butler told the Plaintiff: "you're a nigger, [and] we can't let you win here, we play a dirty game down here." *Id.*

The Court allowed this claim to survive initial review on these allegations holding: "At this point in the proceedings, the Plaintiff has stated an arguable claim against Defendant Butler in his individual capacity for race based discrimination under the Fourteenth Amendment's equal protection clause." Docket No. 8, p. 7. (citations omitted)

The Defendant has now filed a Motion to Dismiss alleging that the Plaintiff has failed to state a cognizable § 1983 claim pursuant to *Heck v. Humphrey*, 512 U. S. 477 (1994) and *Edwards v. Balisok*, 520 U. S. 641 (1997) and failed to allege sufficient personal involvement of the Defendant. Docket No. 33. Specifically, the Defendant asserts that under established Supreme Court precedent, a finding in Plaintiff's favor would necessarily apply the invalidity of the deprivation of his good time credits thereby indirectly effecting the length or fact of his confinement, a claim that is not cognizable under § 1983. Docket No. 34, pp. 2-3. The Defendant further contends the Plaintiff "has failed to allege any specific or general facts as to how Defendant caused, influenced, or was involved in an allegedly unfair disciplinary hearing." *Id.* at p. 4. Defendant asserts that because Plaintiff has not alleged or established any personal involvement by the Defendant in the proceedings about which the Plaintiff complains, he has failed to state a claim upon which relief can be granted. *Id.*

The Plaintiff responds in opposition asserting that the "administrative policies and procedures, disciplinary hearing summary report show that the Defendant was designated by the

deputy warden to investigate this matter which means he is personally involved in everything." Docket No. 36, p. 1. He further contends that the Defendant does not address his assertion that "when I brought this matter to his attention after gettin (sic) found guilty, Defendant never denied the fact that he racially profiled me, the Defendant also never denied the fact that I was never advised of my rights and served a write up properly." *Id.* He asserts that he brought this issue to the Defendant's attention so that the Defendant could conduct a proper investigation and reasserts his allegation about the statement that the Defendant made to him that the irregularities and the procedures used in his hearing were motivated by race. *Id.* Plaintiff again reiterates the alleged deficiencies in his hearing as well. *Id.* at p. 2.

## ANALYSIS

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F. 3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

Not every allegation of constitutional violations in prisoner proceedings is the proper subject for an action under § 1983. In a series of cases beginning with *Preiser v. Rodriguez*, 411 U. S. 475, 3 S. Ct. 1827, 36 L. Ed 2d 439 (1973), the Supreme Court has considered the interplay between 42 U. S. C. § 1983 and the federal habeas corpus statute, 28 U. S. C. § 2254. In *Preiser,* state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correction Services as a result of disciplinary proceedings brought a § 1983 action to compel the restoration of the credits which would have led to their immediate release but did not seek compensatory damages for the loss of the credits. 411 U. S. at 476, 494. The

Supreme Court held that: "when a state prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

Years later in *Heck v. Humphries*, 512 U. S. 477, 114 S. Ct. 2364, 129 L. Ed 2d 383 (1994), the Court considered a question related to the one presented in *Preiser*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a type of relief not available under Habeas proceedings. The court rejected that challenge.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U. S. C. § 2254. A claim for damages bearing that relationship to a conviction or a sentence that has not been so invalidated is not cognizable under § 1983.

512 U. S. at 486-87 (Footnote omitted).

The favorable-termination rule set forth in *Heck* preserves the rule that claims, which if successful, would imply the invalidity of the conviction or sentence, must be brought by Petition for writ of Habeas Corpus. *Muhammad v. Close*, 540 U. S. 749, 750-51, 124 S. Ct. 1303, 158 L. Ed 2d 32 (2004). The Supreme Court extended the *Heck* favorable termination rule to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U. S. 641, 648 (1997). When a prisoner challenges the legality or duration of his custody or raises a constitutional challenges which could entitle him to an immediate or earlier release his sole federal remedy is a Writ of Habeas Corpus *Id*. at 648. The *Balisok* court "reemphasize[d] that . . . a claim either is cognizable under §1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U. S. at 649.

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penal interest. *See Wolffe v. McDonnell*, 418 U. S. 539, 556 (1974); *Bell v. Wolfish*, 441 U. S. 520, 545 (1979). The Equal Protection Clause requires that all persons similarly situated should be treated alike. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U. S. 432, 439 (1985). Violations of equal protection are shown when a respondent intentionally discriminated against petitioner based on membership in a protected class. *Jones v. Wray*, 279 F. 3d 944, 946-47 (11th Cir. 2001), or when a respondent intentionally treated a member of an identifiable class differently from other similarly situated individuals without a rational basis, or rational relationship to a legitimate stated purpose, for the difference in treatment. *Village of Willow Brook v. Olech*, 528 U. S. 562, 564 (2000).

In *Balisok*, the plaintiff elected not to seek the restoration of good conduct credits; rather, *Balisok* sought declaratory relief and monetary damages under § 1983 based upon the alleged denial due process. *Balisok* alleged that the hearing officer had concealed exculpatory evidence and denied him a defense by refusing to question his witness and, also failed to adequately support the disciplinary decision. The court found in *Balisok's* situation, the nature of the due process violations – an impartial hearing officer and denial of a defense - necessarily implied the invalidity of the disciplinary conviction (and by implication any subsequent affirmation of that decision). *See, Id*. at 646-647.

In the instant case, the Plaintiff seeks both the restoration of his good time sentence credits as well as monetary damages. It is likewise worth noting that Plaintiff does not allege that Defendant Butler was a decision maker with regard to the disciplinary board's action. It appears the statement allegedly made by Defendant Butler was made following the board's decision

6

when Plaintiff complained to him about that action. Thus, Plaintiff makes no allegation and provides no evidence that Defendant Butler participated in the decision at issue in this case. Further, plaintiff makes no allegations that any others of the disciplinary board who actually did participate in the decision expressed the same or similar views.

Here Plaintiff alleges that the findings against him and deprivation of his good time credits were based upon race discrimination in violation of the Equal Protection Clause. He seeks reinstatement of that time as well as monetary damages. Based upon the *Preiser/Heck/Balisok* line of cases it appears that this claim is premature until such time the underlying disciplinary conviction is otherwise invalidated through state administrative or judicial procedures or federal habeas corpus action. For these reasons, the undersigned recommends that the Defendant's Motions to Dismiss (Docket No. 33) be **GRANTED** and this action be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
U. S. Magistrate Judge