# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| CORDARO HUGHES, <br> NO. 416857, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    No. 1:17-cv-00009 <br> )    Chief Judge Crenshaw |
| TONY PARKER, *et al.*, | ) <br> ) |
| Defendants. | ) |

## ORDER

In response to a Report and Recommendation ("R & R") (Doc. No. 46) from the Magistrate Judge recommending that this action for the restoration of prison good time credit and monetary damages be dismissed, Cordaro Hughes filed an Objection (Doc. No. 47). Hughes asserts that (1) he "knew this was gonna happen" because "it was [his] word against Defendant Butler"; (2) "to be honest the Judge made the right to decision to dismiss [his] race based discrimination case," but "abused its [sic] discretion because [Hughes's] due process procedural rights [were] clearly violated"; and (3) "if this court would have been fair in appoint[ing him] counsel, we would be having a different conversation." (Doc. No. 47 at 1).

Leaving aside the fact that "[a] litigant has no constitutional right to counsel in a civil case, and [Hughes] has not shown that exceptional circumstances exist to warrant the appointment of counsel," Simmons v. Woods, No. 16-2546, 2018 WL 618476, at *4 (6th Cir. Jan. 30, 2018), appointed counsel could not change the fact that the Supreme Court, at least since Heck v. Humphrey, 512 U.S. 477, 487 (1994), has endorsed the "favorable-termination rule" for claims brought under 42 U.S.C. § 1983. That rule bars a Section 1983 action when it challenges the

validity of a prisoner's confinement or its duration, Wilkinson v. Detson, 544 U.S. 74, 81-2 (2005), including the loss of good time credits, Edwards v. Balisok, 520 U.S. 641, 646-68 (1997). Instead, "[t]he case law is clear that when a prisoner's challenge either to the process or the result of a prison disciplinary proceeding necessarily implies the invalidity of a sanction that affects the duration of his sentence, such as the deprivation of good-time credits, the prisoner may not maintain an action under § 1983 unless he has shown that the sanction (or the procedures that led to it, if the procedural defect at issue was critical to the imposition of the sanction) have been overturned through administrative channels or by a state or federal court." Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006). Thus, the Magistrate Judge did not err in observing that Hughes's "claim is premature until such time as the underlying disciplinary conviction is otherwise invalidated through state administrative or judicial procedures or federal habeas corpus action." (Doc. No. 46 at 7).

As for the contention that Butler's word was taken as gospel, the fact remains that there are no allegations to suggest that Butler was a decisionmaker or even participated in the disciplinary board's action. To the contrary, the allegations in the Complaint specifically allege that Butler made an offensive comment to Hughes *after* the disciplinary proceedings had concluded, and the Objection filed by Hughes does not claim otherwise.

Accordingly, and having undertaken the *de novo* review required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court rules as follows:

(1) The Report and Recommendation (Doc. No. 46) is **APPROVED** and **ADOPTED**;

(2) Defendants' Motion to Dismiss (Doc. No. 33) is **GRANTED**;

(3) This case is hereby **DISMISSED WITHOUT PREJUDICE**; and

(4) All remaining pending Motions (Doc. Nos. 12, 16, 17, 20, 35, 44 & 45) are **DENIED AS**

**MOOT**.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE